S. A. HERRING ET AL. v. M. A. WARWICK ET AL.

(Filed 20 March, 1912.)

**Appeal and Error—Evidence—Nonsuit—Former Appeal.**

This case having been before the Supreme Court and considered upon all the evidence, and a new trial granted in one essential particular because of the influence of one erroneous instruction, and a motion to nonsuit upon the evidence inferentially denied, it is adjudged on the present appeal that his Honor followed the former decision, and no error is found.

APPEAL from *G. W. Ward, J.,* at October Term, 1911, of SAMPSON.

Civil action. The following issues were submitted to the jury:

1. At the sale of the land in question, on 15 February, 1898, at courthouse door in Clinton, was it agreed between John T. Gregory, the mortgagee, and the defendant Warwick that War-

wick should bid off the said land, and did he bid off said lands as agent and trustee for said Gregory, as alleged? Answer: Yes.

2. Are the plaintiffs, other than Lonnie Herring, the owners in remainder of said lands, subject to the life estate of said S. A. Herring? Answer: Yes.

3. Is the said action barred by the statute of limitations? Answer: No.

4. What was the value of the short-straw timber sold off said land by defendant? Answer: ·$50.

5. What was the value of the long-straw timber cut off said land by defendant? Answer: $46.

6. Outside of the timber, has the defendant committed waste on said land; and if so, what are the damages therefor? Answer: · None.

7. What was the value of the tract of land at the time it was bid off by defendant? Answer: $261.

It was admitted, as found by the jury on the former trial, that the defendant Warwick is the owner of the life estate for the life of S. A. Herring in the premises in controversy. His Honor gave judgment for the plaintiff, and in the judgment declared that Warwick was the owner of the life estate aforesaid.

The defendants appealed.

*H. A. Grady and Murray Allen for plaintiffs.*
*Faison & Wright and J. D. Kerr for defendants.*

PER CURIAM. This cause was before the Court at Spring Term, 1911, 155 N. C., 346. The facts are all fully stated and the case fully discussed in the opinion of *Mr. Justice Walker,* rendered for the Court. A new trial was granted because the verdict was rendered in one essential particular under the influence of one erroneous instruction.

In granting the new trial, and considering the case on the former appeal, we necessarily considered all the evidence then produced, and a motion for a judgment of nonsuit was inferentially denied. · The evidence in this regard is much stronger than that presented upon the former appeal, and we think his Honor carefully followed the former decision of this Court,

158—38

and we find in his rulings upon the evidence, and in his charge to the jury, no substantial error which we think would warrant us in ordering another trial. The judgment of the Superior Court is

Affirmed.